**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| **LISTOU SEARCH TECHNOLOGIES LLC,**<br><br>        **Plaintiff,**<br>    v.<br><br>**THE MEN'S WEAREHOUSE, INC.,**<br><br>        **Defendant.** | **Civil Action No. 5:16-cv-**<br><br>**JURY TRIAL DEMANDED** |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Listou Search Technologies LLC files its Original Complaint for Patent Infringement and alleges based on knowledge as to itself and information and belief as to the Defendant as follows:

### THE PARTIES

1.  Plaintiff Listou Search Technologies LLC is a Texas limited liability company with a principal office at 815 Brazos Street, Suite 500, Austin, Texas 78701.

2.  Defendant The Men's Wearhouse, Inc., is a Texas corporation with a principal office at 6380 Rogerdale Road, Houston, Texas 77072.  Defendant may be served with process via Corporation Service Company dba CSC – Lawyers Inco., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### JURISDICTION AND VENUE

3.  This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4.  Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5.  Upon information and belief, this Court has personal jurisdiction over Defendant because (i) Defendant conducts business in this Judicial District, directly or through intermediaries; (ii) at least a portion of the alleged infringements occurred in this Judicial

District; and (iii) Defendant regularly solicits business, engages in other persistent courses of conduct, or derives revenue from goods and services provided to individuals in this Judicial District.

6. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## THE PATENT-IN-SUIT

7. On April 10, 2001, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,216,139 (the "139 patent"), entitled "Integrated Dialog Box For Rapidly Altering Presentation of Parametric Text Data Objects On A Computer Display."  A true and correct copy of the 139 patent is attached at Exhibit A.

8. Plaintiff is the owner and assignee of all substantial rights, title, and interest in and to the 139 patent.

## PROCEDURAL HISTORY

9. The 139 patent was the subject of multiple patent infringement actions in the District of Delaware.

10. Defendants in the District of Delaware actions filed multiple motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that the 139 patent claims ineligible subject matter under 35 U.S.C. § 101.

11. After extensive briefing from the parties, Magistrate Judge Burke recommended, in a forty-one-page Report and Recommendation, the denial of all motions to dismiss on the grounds that the 139 patent does not claim an abstract idea.  Judge Burke further recommended that (i) claim 1 as the undisputed representative claim recites an inventive concept, (ii) claim 1 recites limitations that provide for an improved query dialog box that cannot be performed by pen and paper alone, (iii) claim 1 does not recite conventional or generic limitations that a computer simply automates, (iv) the query dialog box is not extra-solution activity, and (v) claim 1 does not preempt an abstract idea.  Attached at Exhibit B is a true and correct copy of

Magistrate Judge Burke's July 15, 2015, Report and Recommendation in 1:14-cv-240-LPS (D. Del.) (Dkt. No. 26) (filed at Dkt. No. 24 in LEAD CASE 1:14-cv-233-LPS).

12. District Judge Stark agreed that the motions should be dismissed, but without prejudice to refiling later as summary judgment motions because claim construction and further discovery on the factual issues related to the inventive concept of the claimed invention were needed before the court could decide if the 139 patent is patent-eligible. This discovery included the fact issues of preemption and patentability and if the claims solve a technological problem. Attached at Exhibit C is a true and correct copy of Judge Stark's September 30, 2015, Memorandum Order in 1:14-cv-233-LPS (D. Del.) (Dkt. No. 27).

## THE ACCUSED PRODUCTS

13. Defendant makes, uses, sells, offers for sale, or imports a product that infringes one or more claims of the 139 patent.

14. Defendant's Accused Product is its website: http://www.menswearhouse.com.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,216,139

15. Plaintiff incorporates by reference herein each of its foregoing facts and allegations.

16. Plaintiff conducted a pre-filing investigation, comparing the Accused Product to one or more claims of the 139 patent.

17. Based on Plaintiff's pre-filing investigation, without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes one or more claims of the 139 patent in this District and throughout the United States, literally or under the doctrine of equivalents.

18. Defendant directly infringes at least claim 1 of the 139 patent in violation of 35 U.S.C. § 271(a) by, among other things, making, using, offering for sale, selling, or importing within this District and the United States its Accused Product, which under claim 1 of the 139 patent provides a method for using a computer system (*e.g., Defendant's Accused Product in a*

*computer system environment*) to sort and display text data objects (*e.g., product items that Defendant sells on its accused website*), comprising the steps of:

    a. imaging, on a display device (*e.g., a computer, tablet, or smartphone screen*) controlled by the computer system, a query dialog box (*e.g., a web page containing a listing of searchable product items that Defendant sells on its accused website*),

        wherein the query dialog box displays each of a plurality of parameters associated with each of the text data objects (*e.g., features or characteristics associated with the product items that Defendant sells on its accused website*), forms a plurality of spaces for listing values associated with each displayed parameter (*e.g, the features or characteristics have values that are listed in designated spaces on a web page of Defendant's accused website*), and further forms a space for selecting a sort order (*e.g, a space is provided on a web page of Defendant's accused website listing sort order options for sorting product items according to the products' features or characteristics*);

    b. designating, for each displayed parameter, a parameter value (*e.g, the features or characteristics have designated values*);

    c. constructing a sort order from the displayed parameters in the space for selecting a sort order (*e.g., using the sorting feature on Defendant's accused website for constructing a sort order of the product items according to the products' features or characteristics*);

    d. selecting, using the computer system, text data objects satisfying the designated values (*e.g., Defendant's accused website selects product items according to the designated values of the products' features or characteristics*); and

    e. sorting, using the computer system, the selected text data objects according to the constructed sort order (*e.g., Defendant's website sorts the selected product items according to the constructed sort order*).

    19.    Claim 1 is understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

20. A person of ordinary skill in the art understands Plaintiff's theory of how Defendant's Accused Product infringes claim 1 upon a plain reading of this Complaint, the 139 patent, and claim 1.

21. Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Product directly infringes at least claim 1 of the 139 patent.

## COUNT II
## CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 6,216,139

22. Plaintiff incorporates by reference herein each of its foregoing facts and allegations.

23. Based on Plaintiff's pre-filing investigation, without license or authorization and in violation of 35 U.S.C. § 271(c), Defendant contributorily infringes at least claim 1 of the 139 patent in this District and throughout the United States because:

    a    Defendant directly infringes at least claim 1 of the 139 patent in violation of 35 U.S.C. § 271(a) by, among other things, making, using, offering for sale, selling, or importing within this District and the United States its Accused Product as outlined above.

    b    Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that the combination for which its Accused Product was being made was both patented and directly infringing as outlined above.

    c    Defendant's Accused Product has no substantial non-infringing uses; the Accused Product is designed to infringe directly at least claim 1 of the 139 patent as outlined above.

    d    Defendant's Accused Product is a material part of the claimed method of the 139 patent as outlined above.

24. Plaintiff reserves the right to modify its infringement theory as discovery progresses in this case, and it shall not be estopped for claim construction purposes by its

preliminary infringement analysis as provided in this Complaint.  Plaintiff's preliminary infringement analysis is not representative of its final claim construction positions.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A.    Judgment that Defendant has directly and contributorily infringed the 139 patent under 35 U.S.C. §§ 271(a) and (c);

B.    An accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.    An award of damages under 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's past and future infringement, including any infringement from the date of filing of this Complaint through the date of judgment, together with interest and costs;

D.    Judgment that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees and costs; and

E.    Such further relief at law or in equity that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: September 21, 2016        Respectfully submitted,

_____
Peter J. Corcoran, III
Texas State Bar No. 24080038
**CORCORAN IP LAW, PLLC**
2019 Richmond Road, Suite 380
Texarkana, Texas 75503
Tel: (903) 701-2139
Fax: (844) 362-3291
Email: peter@corcoranip.com

*Counsel for Plaintiff*
*Listou Search Technologies LLC*